25 F.3d 1059
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roger L. HAMPTON, Defendant-Appellant.
 No. 93-3360.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Defendant Roger L. Hampton pleaded guilty to three counts of armed bank robbery, 18 U.S.C. 2113(a), (d). The district court sentenced Defendant to concurrent terms of 121 months imprisonment on each count. Defendant appeals his sentence, and we have jurisdiction under 18 U.S.C. 3742(a).
 
 
 2
 The pertinent facts for this appeal are as follows. On November 12, 1992, Defendant entered the Union State Bank of Everest, Kansas, armed with what appeared to the bank personnel to be a semiautomatic handgun.[3] He ordered the customers and employees to the floor, informing them that he intended to rob the bank. After demanding and receiving money, Defendant ordered the bank employees and a customer into the bank vault and closed the door. Defendant then drove away.
 
 
 3
 Shortly thereafter, Defendant's vehicle became stuck in the mud on a dirt road. Defendant walked back to the highway, approached a pickup truck, and, at gunpoint, ordered the driver of the truck to drive him to Atchinson, Kansas, stating he would shoot him and his passenger if they didn't comply. While in route to Atchinson, Defendant told the occupants of the truck that he had just robbed a bank, and intended to get into a shoot-out with police if they attempted to arrest him. Once in Atchinson, Defendant was dropped off at the office of an attorney, where he then made arrangements to surrender to police.
 
 
 4
 On appeal, Defendant claims the district court erred in (1) enhancing his base offense level by four points for abducting the pickup truck occupants, U.S.S.G. 2B3.1(b)(4)(A), and (2) refusing to depart downward on the basis of diminished capacity, U.S.S.G. 5K2.13.
 
 
 5
 Section 2B3.1(b)(4)(A) provides for a four-level enhancement "[i]f any person was abducted to facilitate commission of the offense or to facilitate escape." The district court applied the enhancement based on Defendant's abduction of the occupants of the pickup truck. Defendant argues that the enhancement is inappropriate because (1) the occupants of the pickup truck were not victims of the bank robbery, and (2) he did not abduct them to escape; but instead abducted them in order to surrender.
 
 
 6
 First, we do not agree with Defendant's argument that the truck occupants were not victims of the bank robbery. In fleeing the site of the robbery, Defendant accosted the occupants and ordered them, at gunpoint, to drive him to Atchinson or risk death. Under this scenario, the truck occupants were, at least, indirect victims of the bank robbery. Moreover, even if we agreed with Defendant that the truck occupants were not victims of the bank robbery, 2B3.1(b)(4)(A) contains no requirement that when a defendant commits a bank robbery, the person he abducts must be a victim of that bank robbery itself. Instead, the language of 2B1.3(b)(4)(A) makes it clear that the enhancement applies "if any person" was abducted to facilitate the offense or escape. Furthermore, the commentary to the Guidelines is not to the contrary. U.S.S.G. 1B1.1, comment. 1(a) provides:
 
 
 7
 (a) "Abducted" means that a victim was forced to accompany an offender to a different location. For example, a bank robber's forcing a bank teller from the bank into a getaway car would constitute an abduction.
 
 
 8
 We note that while the example describes the abduction of a bank teller--one who is presumably present at the scene of the bank robbery--this is only one example of an abduction. The Guidelines' definition of "abducted" does not require that the bank robber's abducted victim must be present at the scene or a victim of the bank robbery itself, and we hold that the definition is broad enough to cover the facts of this case. We conclude that even if the occupants of the pickup truck were not victims, per se, of the bank robbery itself, they were abducted to facilitate Defendant's escape, see infra; therefore, they were victims of Defendant within the meaning of the Guidelines.
 
 
 9
 Defendant argues that 2B3.1(b)(4)(A) does not apply because he did not abduct the truck occupants in order to escape; rather, he abducted them in order to surrender. The district court concluded that Defendant abducted the occupants as part of his continuing effort to escape. Although Defendant did eventually surrender to police after reaching Atchinson and speaking to his attorney, we conclude the district court did not clearly err in concluding that at the time Defendant ordered the occupants, at gunpoint, to drive him to Atchinson, or risk being shot, Defendant did so to facilitate his escape. See generally United States v. Roberts, 898 F.2d 1465, 1468 (10th Cir.1990) (we review district court's factual findings for clear error). The district court's conclusion that Defendant abducted the truck occupants to facilitate his escape is especially supported by the fact that Defendant informed the occupants that he intended to get into a shoot-out with police if they attempted to arrest him.
 
 
 10
 Defendant also claims the district court erred in refusing to depart downward pursuant to U.S.S.G. 5K2.13. We have no jurisdiction to review a district court's discretionary refusal to depart downward; however, we will exercise review if the court erroneously believed it lacked the authority to depart. United States v. Fox, 930 F.2d 820, 824 (10th Cir 1991).
 
 
 11
 Our review of the record indicates that the district court exercised its discretion not to depart pursuant to 5K2.13. At the sentencing hearing, the court rejected Defendant's request, stating:
 
 
 12
 the court finds that the presentence investigation report writer also indicates that the court should not depart downward from that set forth in the proposed findings that the court has indicated or from the tentative sentence that the court has indicated, and the court finds that those findings previously stated by the court are accurate.
 
 
 13
 (emphasis added). The court's use of the discretionary words "should not" indicate to us that the court knew it had the authority to depart downward, but chose, in its discretion, not to grant the departure. Accordingly, we have no jurisdiction to review the court's decision.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Neither party requested oral argument
 
 
 [3]
 It was later determined that the gun was actually a BB gun